## Case No. 10,009.

### NAPIER et al. v. BARNEY.

[5 Blatchf. 191.] 1

Circuit Court, S. D. New York.   Nov. 11, 1863.

CUSTOMS DUTIES—SUGAR IMPORTED IN BAGS—
DRAFT AND TARE.

1. Under the fifty-eighth section of the act of March 2, 1799 (1 Stat. 671), both draft and tare are allowable on sugar imported in bags, and subject to duty by weight.

[Cited in Moke v. Barney, Case No. 9,698.]

2. "Draft" and "tare," explained.

This was an action [by James Napier and others] against [Hiram Barney] the collector of the port of New York, to recover back an alleged excess of duties paid under protest, on the importation of five thousand bags of sugar.

Joseph S. Ridgway, for plaintiffs.

E. Delafield Smith, Dist. Atty, for defendant.

NELSON, Circuit Justice. The sugar in this case was imported from Brazil, on the 1st of December, 1861. The duties exacted were two cents per pound, by weight, under the act of March 2, 1861 (12 Stat. 178). There is no dispute as to the rate of the duty, or that it is to be charged according to weight. The dispute arises out of the allowances or deductions to be made to the merchant when the duties on the articles are to be ascertained by weight. The fifty-eighth section of the act of March 2, 1799 (1 Stat. 671), provides, that the following allowances shall be made for draft and tare on articles subject to duty by weight: "For draft on any quantity of one hundred weight, or one hundred and twelve pounds, one pound; on any quantity above one and not exceeding two hundred weight, two pounds;" and so on till the last clause, which is, "on any quantity above ten and not exceeding eighteen ,hundred weight, seven pounds; and on any quantity above eighteen hundred weight, nine pounds." This latter allowance is the maximum. "For tare on every whole chest of Bohea tea, seventy pounds;" and so on, enumerating half and quarter chests, and the different kinds of tea, with the quantity to be allowed for the tare; "on sugar other than loaf sugar, in casks, twelve per cent.; in boxes, fifteen per cent.; in bags or mats, five per cent." The fifty-eighth section of the act of 1799 is taken substantially from the thirty-fifth section of the act of August 4, 1790 (1 Stat. 166). The tare was allowed in this case, but the draft was refused.

Draft and tare, in a commercial sense and usage, have a separate and distinct meaning and application. The former is an allowance to the merchant when the duty is ascertained by weight, as in the present instance, to insure good weight to him. As defined in some

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

of the books, it is "a small allowance in weighable goods, made by the king to the importer." It is to compensate for any loss that may occur from the handling of the scales, in the weighing, so that, when weighed the second time, the article will hold out good weight. The latter, tare, is allowed for the outside or covering of the article imported, whether it be box, barrel, bag, bale, mat, &c. Now, the tare in this case was allowed, but the allowance for the draft was refused. I cannot perceive any distinction between the two, as the right to the allowance of the one stands as express and as explicit, on the statute, as the right to the allowance of the other. Both might as well have been denied as either. It is a mistake to suppose that the allowance for the tare covers that for the draft, for, as is seen, it is intended to cover a different loss, one incident to the weighing of the article, while the other relates to the loss from the rough outside covering of it. Neither is there anything in the suggestion, made on the trial, of inequality in the weighing of large and small packages. If they are small, numbers, to the amount of fifteen or twenty, depending on the bulk or size, are weighed together.

The sixteenth section of the act of July 14, 1862 (12 Stat. 558), modified the allowance of the tare under the fifty-eighth section of the act of 1799, and repealed it altogether, as far as it related to the draft. I know of no other way of getting rid of a positive enactment, and hence must hold that the plaintiffs are entitled to recover.